UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICK ALLEN DECK, | |
| Plaintiff, | |
| v. | No. 3:25 CV 769 |
| INDIANA STATE OF, INDIANA ATTORNEY GENERAL, ENGLISH, BALLARD, HEISHMAN, MURRAY, and BRENTON-ORTIS, | |
| Defendants. | |

## OPINION and ORDER

Rick Allen Deck, a prisoner without a lawyer, filed a complaint about an alleged failure to protect him when he was housed at Miami Correctional Facility. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Deck alleges that after a 2019 conviction, he was sent to Miami Correctional Facility, but that facility was not a safe place for him. He says that he was well known at Miami from previous terms of incarceration, and further he had been convicted of a sex crime and is a former member of the Aryan Brotherhood. He was initially placed in K

Dorm. Upon his arrival, he alleges the Aryans found out about his sex crime and threatened to kill him. He filled out a protective custody form.

After Deck requested protective custody, they put him in administrative segregation in A House. After about three weeks, the Protective Custody Committee sent him to P Dorm, which is a disciplinary lockdown dorm that also held three Aryans. He alleges he was assaulted in that dorm.

Deck says he told his counselor about the alleged assault and his counselor moved him to the other side of P Dorm. However, two more Aryans lived there. Deck complains that he was moved there without anyone checking whether Aryans lived there. Soon, he filled out another protective custody request because Aryans were trying to extort money from him.

Deck alleges he was then moved to administrative segregation in A House again. After a couple of weeks there, he was moved to H Dorm, which is a program dorm. He says he was safe there for a while until he started getting threats. Deck alleges he got assaulted for being a sex offender. He also claims that two Gangster Disciples came into his room and hit him a couple times, demanding that he pay "rent."

Deck alleges that at this point, he was moved to K Dorm. But Aryans also lived there, so he filled out another Protective Custody request. He was moved to N Dorm, where he was being extorted. After he filled out another Protective Custody request, he was sent to P Dorm, a disciplinary dorm. But, he continues, there were Aryans there who tried to kill him, and they stabbed him. He was moved back to A Dorm.

2

Next, Deck says he was moved to B Dorm, but inmates also tried to extort him there. After another Protective Custody request, he was moved to H House. But once he walked in that dorm, he was threatened again. He filled out another Protective Custody request and agreed to go to Restrictive Housing in R Dorm, where he knew he would be safe. After a week there, he was moved back to A Dorm, awaiting a transfer to a different prison. Deck filed this lawsuit, alleging that the officials at Miami kept putting him in harms way without taking the time to see if the inmates in the different dorms might pose a threat to him.

The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). To be held liable, a defendant must have "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

3

Deck has described instances in which he was injured by other inmates, but he does not allege enough information to hold any of the defendants he names responsible for the alleged assaults. For a defendant to be held liable for not preventing an assault, at a minimum that defendant must have had actual knowledge of a risk to Deck ahead of time. But Deck does not detail how each of the defendants were involved in his various moves. In fact, none of them are mentioned by name in the body of the complaint. Without allegations connecting each of them to the alleged assaults, the complaint cannot proceed.

This complaint does not state a claim for which relief can be granted. If Deck believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Rick Allen Deck until **February 3, 2026**, to file an amended complaint; and

(2) **CAUTIONS** Rick Allen Deck that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: January 7, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT